IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,  )
                           )
           Respondent,     )     Criminal Case No. 05-218-KI
                           )     Civil Case No.  07-70012-KI
     vs.                   )
                           )     OPINION AND ORDER
PEDRO CHAVEZ-MINERA,       )
                           )
           Defendant/Petitioner.  )
                           )


Pedro Chavez-Minera
#68727065
California City Correctional Institution
P. O. Box 3001-0001
California City, California  93504

          Pro Se Defendant/Petitioner

Karin J. Immergut
United States Attorney
District of Oregon


Page 1 - OPINION AND ORDER

Geoffrey A. Barrow
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

     Attorneys for Respondent


KING, Judge:

Before the court is the Motion for Time Reduction by an Inmate in Federal Custody

Under 28 U.S.C. § 2255 (#382) filed by defendant Pedro Chavez-Minera.

## PROCEDURAL BACKGROUND

On June 19, 2006, defendant pled guilty to Count One of the Third Superseding

Indictment—conspiracy to manufacture more than 50 grams of methamphetamine in violation of

21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii).

On December 18, 2006, defendant was sentenced to 57 months imprisonment with a

three-year term of supervised release.

Judgment was entered on December 20, 2006. Defendant did not appeal his sentence and

has not previously filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Defendant asserts that he should have been given a two-point reduction in his sentence

because he is a deportable alien without access to benefits such as a minimum security facility or

community correction center.

I note that in his plea agreement defendant waived the right to file "any collateral attack,

including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence

Page 2 - OPINION AND ORDER

on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Plea Agreement at 3 (June 19, 2006) (#309).

The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68. Defendant presents no facts from which I could find that his waiver was uninformed or otherwise defective. He does not take issue with his counsel's assistance, and the circumstances mentioned in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2) are not applicable. The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the plea agreement.

Additionally, the Ninth Circuit has rejected the very argument defendant makes here. The Ninth Circuit held that the Bureau of Prisons (BOP) could deny placement of deportable aliens in minimum security facilities or community corrections centers, thereby affecting sentencing reduction eligibility, because such a denial is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." McLean v. Crabtree, 173 F.3d 1176, 1184-86 (9th Cir. 1999).

///

///

Page 3 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, defendant's Motion for Time Reduction by an Inmate in Federal

Custody Under 28 U.S.C. § 2255 (#382) is DENIED.

IT IS SO ORDERED.

Dated this _____ day of July, 2007.

Garr M. King
United States District Judge